### BUTLER et al. v. DE VILLERS.

(Supreme Court, Appellate Term. November 29, 1907.)

EVIDENCE—PAROL EVIDENCE—VARYING TERMS OF WRITTEN AGREEMENT.

Where, in an action by a stockbroker for a balance due from a customer on stock deals pursuant to orders of a third person under a written authority authorizing the broker to accept the orders of the third person, the broker offered unnecessary testimony of conversations between him and the customer, resulting in the delivery of the authorization, it was error to permit the customer to attack the unambiguous meaning of the authorization and substitute his intention therefor, though he was entitled to show that the broker had not given the correct version of the conversations antedating the authorization.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1678.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Dudley Butler and another, doing business under the firm name of Butler & Johnston against Robert De Villers. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Kearney & Davis (Thomas Kearney, of counsel), for appellants.

James, Schell & Elkus (Joseph M. Proskauer and Frederick Mellor, of counsel), for respondent.

PER CURIAM. The plaintiffs, who are stockbrokers, sued to recover a balance alleged to be due from the defendant as the result of certain stock transactions. The orders pursuant to which the purchases and sales in dispute were executed by the plaintiff were received by them through one Bigley under a written authorization from the defendant as follows:

"New York, January 12, 1906.

"Messrs. Butler & Johnston, 40–42 Wall Street, City—Dear Sirs: I hereby authorize you to accept any orders to buy or sell placed by Mr. F. J. Bigley for my account during my absence. The above to hold good until further notice. Yours truly,          R. De Villers."

On the trial the plaintiffs offered unnecessary testimony as to the conversations between them and the defendant, resulting in the delivery of the authorization. Thereupon the defendant was permitted to introduce parol evidence which not only tended to vary, but which directly contradicted, the terms of the written instrument. While the defendant should have been allowed to show that the plaintiff had not given the correct version of the conversations antedating the receipt of the letter of authority, he should not have been permitted without limitation to attack the unambiguous meaning of the writing and substitute his intention therefor. The error committed in receiving this class of evidence calls for a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.